IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEILANI EMERICK,

    Plaintiff,

vs.                                                                            Civ. No. 22-0622 JFR/KK

BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF BERNALILLO o/b/o
BERNALILLO COUNTY HOUSING DEPARTMENT, and
CHARLEEN McNEELY, in her individual and representative capacity, and
PATRIZE ARCHULETA, in her individual and representative capacity,

    Defendants.

## ORDER GRANTING MOTION FOR STAY OF DISCOVERY

THIS MATTER comes before the Court on Defendants' Opposed Motion to Stay Discovery Pending Determination on Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds, filed January 5, 2023. (Doc. 21.) Plaintiff filed a Response in opposition on January 19, 2023 (Doc. 24), and Defendants filed a Reply in support of their motion on February 16, 2023 (Doc. 29). The Court, having reviewed the parties' submissions and the relevant law, finds that Defendants' Motion to Stay Discovery is well taken and should be GRANTED.

Defendants seek a stay of discovery pending resolution of their Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds, in which individual Defendants Charleen McNealy and Patrize Archuleta assert that they are entitled to qualified immunity. (Doc. 20 at 12-15.) "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' The privilege is 'an immunity from suit rather than a mere defense to liability[.]'" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)) (citing *Siegert v. Gilley*,

500 U.S. 226, 231-33 (1991)). The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526. The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231 (quotation marks and brackets omitted). Thus, when a defendant asserts the defense of qualified immunity, the district court should generally stay discovery until the immunity issue is resolved. *Workman,* 958 F.2d at 336.

In her Response, Plaintiff explains that she opposes a stay of discovery only as to claims against Defendant Board of County Commissioners of the County of Bernalillo ("Bernalillo County"), because a defense of qualified immunity is not available to it as a municipal corporation. (Doc. 24 at 2.) Plaintiff also notes that she concurrently filed an Opposed Motion for Leave to Pursue Discovery Against Defendant Board of Commissioners for the County of Bernalillo ("Motion for Discovery"). (*Id.*)

In her Motion for Discovery, in turn, Plaintiff sought discovery from Defendant Bernalillo County on different grounds. (Doc. 25.) There, she noted that the parties had filed cross-motions for summary judgment, which each raised the issue of whether Defendant Bernalillo County had a "policy, practice, or custom in regards to its application of changed payment standards to recipients of Section 8 housing benefits." (*Id.* ¶ 1- 2.) Plaintiff submitted "that Defendant Bernalillo County . . . conceded that its actions regarding [her] were in accord with its policy, practice, or custom." (*Id.* ¶ 3-4.) According to Plaintiff, if the Court agreed with her position on this matter, "there [would] be no need for further discovery," but if the Court, instead, found "a question of

material fact as to Defendant Bernalillo County's policy, practice, or custom, . . . the [C]ourt [should] either defer consideration of th[e] motion or else allow time to take discovery regarding Defendant Bernalillo County, pursuant to [Federal Rule of Civil Procedure] 56(d)(1) or (2)." (*Id*. ¶ 4.) Significantly, on March 2, 2023, Plaintiff filed a Notice of Withdrawal of Plaintiff's Motion for Leave to Pursue Discovery Against Defendant Board of Commissioners for the County of Bernalillo, indicating that Defendants consented to such a withdrawal. (Doc. 35.)

Having abandoned her Motion for Discovery, Plaintiff did not indicate whether she maintained her opposition to Defendants' Motion to Stay Discovery. (*See* Doc. 35.) In any event, the Court finds a stay of discovery as to Plaintiff's claims against all Defendants in this case warranted.

The United States Supreme Court has made clear that, upon the assertion of qualified immunity, *all* discovery, even discovery as to defendants not asserting qualified immunity, should be stayed. Emphasizing that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery,'" the Court in *Ashcroft v. Iqbal* explained as follows:

> [i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slated way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, . . . they would not be free from the burdens of discovery.

556 U.S. 662, 685-86 (2009). As such, "[s]tandard practice in this District is to stay discovery – as to all defendants – when the defense of qualified immunity has been raised." *Higgins v. Saavedra*, No. 1:17-cv-00234 WPL-LF, 2017 WL 1437317 (D.N.M. April 21, 2017) (citing *Workman*, 958 F.2d at 366; *Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012)). Accordingly, to preserve the benefits of the qualified immunity defenses raised by the individual defendants in this case and to minimize costs,

discovery in this matter will be stayed pending the disposition of Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds (Doc. 20).

IT IS THEREFORE ORDERED that Defendants' Opposed Motion to Stay Discovery (Doc. 21) is GRANTED. Discovery in this case is STAYED until Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds (Doc. 20) is decided.

*Kirtan Khalsa*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE